I concur with Judge Farmer's analysis and disposition of appellant's first, second, fourth and seventh assignments of error. I also concur with Judge Farmer's analysis and disposition of appellant's fifth and sixth assignments of error but only to the extent that those assignments address wrongful death claims based on breach of contract, tortious interference with a business relationship, and intentional infliction of emotional distress. I respectfully dissent from Judge Farmer's disposition and analysis of appellant's third assignment of error and with the portions of the analysis and disposition of the appellant's fifth and six assignments of error to the extent that those assignments address a wrongful death claim based on defamation. Judge Farmer concludes that a wrongful death claim must fail in the case sub judice because Dr. Dycoco's defamation action abated upon his death. I reach a different conclusion based on the plain language of the wrongful death statutes and upon the philosophy behind the wrongful death statutes. The plain language of R. C.2125.01(A)(1) reads in part: "Except as provided in division (B) of this section, if the death of a person is caused by wrongful act, neglect or default that would have entitled the injured person to maintain a civil action and recover damages if death had not ensued, the person who would have been liable if death had not ensued . . . is liable in damages in an action for wrongful death under this chapter, notwithstanding the death of the injured person . . ." (Emphasis added.)
Defamation is a civil action that Dr. Dycoco could have maintained had death not ensued. It abates on his death but if he had not died, he could have maintained a defamation action. In addition, the philosophy of the wrongful death statute is to compensate the decedent's survivors for losses they sustained as a result of the decedents death. R.C.2125.02. Compensation under the wrongful death statutes is not for the losses sustained personally by the decedent. Therefore, I would reverse and remand this case to the trial court for further proceedings on the issue of the wrongful death action based on defamation.